IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OWEN J. PANNER, JR.,<br><br>    Defendant. | No. CR. S-06-0365 DFL<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

Defendant has filed three separate motions to dismiss.

First, he seeks to dismiss the indictment as violative of the Petite Policy which restricts dual prosecutions. The motion is denied. It is not disputed that the United States Attorney obtained the necessary permission from the Attorney General to bring this federal action despite the earlier state prosecution. Accordingly, the prosecutor complied with the procedures required by the Petite Policy. Further, the court finds no due process violation. The government's stated reason for pursuing the prosecution is not arbitrary, discriminatory, or vindictive. There is no constitutional basis for setting aside the

1

government's prosecution decision-making.

Second, the defendant seeks to dismiss count 1 as barred by the statute of limitations. However, the act alleged in count 1 is timely under 18 U.S.C. § 3283. Defendant contends that § 3283 is unavailable because the conduct alleged did not constitute "sexual abuse." In response, the government proffers a set of facts that, if proved, would amount to sexual abuse under any definition of that term. In addition, the defense argues that § 3283 is not available because it was not pleaded in the indictment. No caselaw is provided in support of this assertion. The statute of limitations is not an element of the offense. Accordingly, the court rejects this contention.

Finally, the defendant seeks to dismiss the indictment on the basis of the Ninth Circuit's decision in United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003). Under McCoy, 18 U.S.C. § 2252(a) is unconstitutional as applied to the "simple intrastate possession of home-grown child pornography not intended for distribution or exchange." 323 F.3d at 1122-23. However, the Supreme Court in Gonzales v. Raich, 545 U.S. 1, 17-19 (2005), disapproves of the analysis in McCoy. All circuits after Raich to consider the constitutionality of §§ 2251(a) and 2252A as applied to noncommercial child pornography have concluded that the statute is constitutional under the Commerce Clause. The Ninth Circuit adopted the same approach in finding that 18 U.S.C. § 922(o), banning homemade machineguns, was constitutional under Raich. See United States v. Stewart, 451 F.3d 1071, 1074 n.5

(9th Cir. 2006)("[T]he Eleventh Circuit stated 'much of the Court's analysis [in Raich] could serve as an opinion in this case by simply replacing marijuana and the CSA with child pornography and the CPPA.'  Well put.  We might as easily say 'machineguns and section 922(o).'" (internal citations omitted)). In Stewart, 451 F.3d at 1076-77, the Ninth Circuit acknowledged that its pre-Raich jurisprudence must now be abandoned.  Thus, while McCoy has not yet been expressly overruled, it is apparent that it is no longer good law.  In such circumstances, it is the duty of the court to follow Supreme Court precedent.  See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003)(en banc).  For the reasons stated in United States v. Forrest, 429 F.3d 73 (4th Cir. 2005), and United States v. Jeronimo-Bautista, 425 F.3d 1266 (10th Cir. 2005), the court finds that section 2251(a) and 2252A(a)(5)(B) are constitutional as applied to intrastate creation and possession of child pornography.

For the above stated reasons, the motions to dismiss are DENIED.

IT IS SO ORDERED.

Dated: 16 February 2007

_____
DAVID F. LEVI
United States District Judge