UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:06-cr-365-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | TRIAL CONFIRMATION ORDER |
| | ) | |
| OWEN PANNER, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

Trial in the above-captioned case is scheduled to commence on July 9, 2007 at 10:00 a.m.  That date was confirmed at the trial confirmation hearing on June 8, 2007.

I.  EVIDENTIARY DISPUTES

The parties shall meet and confer for the purpose of attempting to resolve any anticipated evidentiary dispute, and any unresolved evidentiary dispute capable of being resolved by an in limine motion, shall be set forth in such a motion no later than June 15, 2007.  Any oppositions to the motion(s) or non-opposition statements shall be filed no later than June 22, 2007, and a hearing on the motion(s) shall commence at 10:00 a.m. on July 2, 2007.  If the

1

parties have other reasonably anticipated evidentiary disputes, such disputes should be included in their trial briefs.  L.R. 16-285(a)(3) (requiring opening briefs to set forth setting forth "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof").

## II.  TRIAL PREPARATION

A.   No later than June 29, 2007, the following documents should be filed:

    (1)  proposed jury instructions;

    (2)  proposed voir dire questions to be asked by the Court;[1]

    (3)  trial briefs;

    (4)  a joint statement or joint proposed jury instruction that can be read to the jury in advance of voir dire that explains the nature of the case; and

    (5)  a proposed verdict form.

If possible, at the time of filing the proposed jury instructions, the proposed voir dire questions, the joint statement, and the proposed verdict form, counsel shall also deliver to the court a floppy disk compatible with WordPerfect 5.1, 6.1, 8.0, 9.0 or 10 containing a copy of the sanitized jury instructions, the proposed voir dire questions, the joint statement, and the proposed verdict form.

---

[1]   The draft voir dire questions the parties were advised could be obtained from the judges' staff are attached hereto.

B.   The government's exhibits shall be numbered and eventually marked with stickers provided by the court.  The government indicated at the trial confirmation hearing that it would provide its exhibit list and exhibits to the defendant on July 5, 2007.  Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers provided by the court.  The parties may obtain exhibit stickers by contacting the clerk's office at (916) 930-4000.

C.   The parties estimate the trial will take eight court days.  Each side is granted fifteen minutes for voir dire, which may be used after the judge completes judicial voir dire.  The "struck jury" system will be used to select the jury.[2]  Two alternate jurors will be empaneled.  The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each juror will be placed in his or her randomly-selected seat.  The first twelve jurors on the list will constitute the petit jury unless one or more of those twelve is excused for some reason.  Assuming that

///

///

///

---

[2]    As explained in U.S. v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the 12 required to hear the case, the number of alternate jurors, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

the first listed juror is excused, the thirteenth listed juror becomes one of the twelve jurors.

IT IS SO ORDERED.

Dated:  June 8, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )
                               )      2:06-cr-365-GEB
          Plaintiff,           )
                               )
     v.                        )      <u>Draft Voir Dire</u>
                               )
OWEN PANNER, JR.,              )
                               )
          Defendants.          )
                               )
_____)

     1.   I will ask all potential jurors questions.  If a
potential juror has a response, please raise the number you've been
given, which reflects your seat number.  Generally, you will be given
an opportunity to respond in accordance with the numerical order in
which you are seated, with the lowest seat numbered juror responding
first.  If no hand or number is raised, I will simply state "no
response" and move to the next question.  If you know it is your turn
to respond to a question, you may respond before I identify you by
stating your last name and then your response.  That should expedite
the process.

     2.   If you conclude that any question unduly pries
into your private affairs and you, therefore, wish to discuss it

5

1  privately, let me know of that request.  While I'm authorized under
2  law to protect your legitimate privacy interests, I may ask some
3  questions in the area that you indicate a desire to discuss in private
4  to determine whether we can discuss any aspect of the matter in open
5  court without disclosing what you desire to keep private.  This
6  approach is taken because the trial should be open unless I have a
7  legitimate reason to close an aspect of it.

8          3.   The parties anticipate it could take eight court days
9  for them to present evidence and closing arguments to you, after which
10 you will retire to deliberate on the case.  Except for today, trial
11 will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00
12 a.m. to about 4:30 p.m.  But as soon as you commence jury
13 deliberations, you will be expected to deliberate every day except
14 weekends from 9:00 a.m. to about 4:30 p.m. until you complete your
15 deliberations.  Does this present a special problem to any member of
16 the jury panel?

17         4.   This is a criminal case brought by the United States
18 government against three Defendants.

19         This case involves . . .

20         Defendant has pled not guilty to the charges and is presumed
21 innocent unless and until proved guilty beyond a reasonable doubt.

22         Is there anything about the nature of the charges that makes
23 you feel that you cannot be fair and impartial juror in this case or
24 causes you to prefer not being a juror on this case?          5.
25 Please raise your number if you have heard or read anything about this
26 case before coming into this courtroom.

27         6.   The attorneys for the parties in this action may
28 introduce themselves, commencing with the government's attorney, who

6

is also required to read a witness list stating the names of all
prospective witnesses the government intends to call.  Defense counsel
need only introduce themselves and their client.  Do you know or have
you had dealings with any of the lawyers or any person just named?

7.   Do you have a vision, hearing or medical condition that
would make it difficult for you to serve as a juror?

8.   Are you taking any prescription medication that may
interfere with your ability to concentrate or serve as a juror?

9.   Is there any reason why you would not be able to
give your full attention to this case?

10.   Each of you will have to determine who is telling
the truth.  Please raise your number if you are unwilling or not
comfortable judging a witness's credibility and making this kind of
decision.

11.   Do you have beliefs that make it impossible or
difficult for you to decide the guilt or innocence of another person?

12.   Have you ever served as a juror in a criminal or a
civil case?

a.   Please explain what type of claim was involved and
whether the jury reached a verdict, but do not state
the actual verdict reached.

13.   Have you or any relatives or friends ever applied or
worked for a law enforcement agency?

14.   Would you tend to believe the testimony of a
witness just because that witness is a law enforcement officer and for
no other reason?

15.   On the other hand, would you tend not to believe

7

testimony of a witness just because that witness is a law enforcement officer?

16.   Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

17.   Do you have any problem with the rule of law that the defendant need not testify in his own behalf and that if the defendant chooses not to testify that factor may not be considered by you in your deliberations?

18.   Do you have any problem with the requirement that your decision in this case must be based solely on the evidence presented at the trial and by applying the law as I will give it to you in my instructions whether or not you agree with that law?

19.   Do you have any information that you believe a party would want to know before selecting you as a juror?

20.   My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

        a.   Name

        b.   Age

        c.   Educational background

        d.   Your marital status, or whether you live alone or with another person.

        e.   Present and former occupation for you and your spouse and/or any other person with whom you live (you need not name the employer)

1               f.   County in which you live and how long you

2                   lived in that county

3               g.   Ages and occupations of any children