UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:06-cr-365-GEB |
| Plaintiff, | |
| v. | TENTATIVE SENTENCING FINDINGS |
| OWEN PANNER, JR., | |
| Defendant. | |

Defendant objects to the application of the cross-reference to U.S.S.G. § 2G2.1 found in U.S.S.G. § 2G2.4(c)(1), which is addressed in paragraph 26 in the Presentence Report ("PSR").[1] For the stated reasons, Defendant's objection is overruled.

Defendant pled guilty to Count 3 of the Superseding Indictment, filed June 13, 2007, "to possession of one or more matters containing depictions of minors engaged in sexually explicit conduct in violation of [18 U.S.C. § 2252A(a)(5)(B)]." (Plea Agreement filed

---

[1] To the extent anything in these findings contradicts anything in paragraph 26 in the PSR, these findings supersede that portion of paragraph 26.

1

July 3, 2007, at 3.)  In the plea agreement, the parties agreed that Defendant should be sentenced within a range of 36-60 months.  (Id. at 6.)  The parties further agreed that they could argue regarding the appropriate sentence within that range; specifically, whether the cross-reference to § 2G2.1, as provided in § 2G2.4(c)(1), applies.  (Id.)

Cross-reference to § 2G2.1 applies to calculation of Defendant's offense level for the following reasons:  U.S.S.G. § 2G2.4(c)(1) provides that § 2G2.1 shall apply "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct."  Defendant argues that § 2G2.4(c)(1) is inapplicable because he "did not cause the minors to engage in any conduct, let alone sexually explicit conduct."  (Def.'s Obj. to PSR and Sentencing Mem. at 1.)  Defendant contends that he did not "cause" the minors to engage in sexually explicit conduct since "[t]he pelvic exams [depicted in the videotapes at issue] would have occurred whether they were videotaped or not," and because "the minors simply submitted to a medical exam that was taped[,] [t]hey were not engaged at all."  (Id. at 6, 7.)

However, Defendant acknowledged that the minors "engaged in sexually explicit conduct" when he pled guilty "to possession of one or more matters containing *depictions of minors engaged in sexually explicit conduct* in violation of [18 U.S.C. § 2252A(a)(5)(B)]" and "agree[d] that he [was] in fact guilty of [that] charge."  (Plea Agreement, at 3 (emphasis added).)  Defendant "caused" at least one of the minors to engage in conduct he acknowledged was sexually explicit

2

"for the purpose of producing a visual depiction of such conduct" when he performed a pelvic examination of that minor and videotaped it. (Id., Ex. A ("On July 18, 2001, the defendant, a doctor, covertly recorded on videotape . . . his pelvic examination of a then 15-year old female patient . . . .").) Additionally, the Ninth Circuit has stated that the cross-reference to U.S.S.G. § 2G2.1 in U.S.S.G. § 2G1.1(c)(1) (which is virtually identical to § 2G2.4(c)(1)) should be broadly construed "to apply to 'all instances' in which the defendant committed the offense for the purpose of creating a visual depiction of sexually explicit conduct." United States v. Hughes, 282 F.3d 1228, 1231 (9th Cir. 2002); see also United States v. Dawn, 129 F.3d 878, 884 (7th Cir. 1997) ("The cross-reference [in § 2G2.4(c)(1)] merely implements the common sense notion that a receiver or possessor who has manufactured the pornography in his possession is both more culpable and more dangerous than one who has received or possessed the pornography and no more.").

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(C), the Clerk of Court is ordered to serve a copy of this Order on the Probation Office, which shall insure that this Order is appended to and accompanies any copy of the PSR made available to the Bureau of Prisons. See United States v. Turner, 898 F.2d 705, 709 n.2 (9th Cir. 1990).

Dated:   December 20, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge